OPINION
Appellant Charles Martin (hereinafter "father") appeals the October 26, 1999 Findings of Fact and Conclusions of Law entered by the Stark County Court of Common Pleas, Juvenile Division, which terminated father's parental rights, privileges, and responsibilities with regard to his minor daughters, Mary Jane Martin and Crystal Martin, and granted permanent custody of the children to appellee Stark County Department of Human Services (hereinafter "SCDHS").
 STATEMENT OF THE FACTS AND CASE
On August 31, 1998, SCDHS filed a complaint alleging Mary Jane Martin (DOB 1/1/94) to be a neglected and/or abused child. The Canton Police Department took custody of Mary Jane on August 28, 1998, pursuant to Juv. R. 6, after responding to a call which alerted the police the child was screaming and banging on the window of her bedroom as if she was trying to get out. While at the residence, the police observed the child and the home were filthy, and both the child and the house smelled strongly of urine. The police found no food in the home. The police also observed Mary Jane's teeth were rotting and in need of attention. According to information received by SCDHS, Judy Newcomer, the mother of the children, had locked Mary Jane in her bedroom with a portable toilet and then left the residence for the day. Although Newcomer's boyfriend was home, he advised Newcomer he would not babysit the girl. The trial court conducted a shelter care hearing on August 31, 1998, and granted temporary custody of Mary Jane to SCDHS. On September 24, 1998, Newcomer and father stipulated to a finding of neglect in exchange for SCDHS amending the complaint to omit the abuse allegations and to allege neglect only. A case plan was filed on September 24, 1998. Pursuant to the case plan, father was to visit Mary Jane on a regularly scheduled basis. Because father indicated he was incapable of accepting placement of Mary Jane, father's case plan did not extend beyond visitation. SCDHS offered father services, however, he did not take advantage of the offer. Subsequently, on April 30, 1999, SCDHS filed a complaint alleging Crystal Martin (DOB 8/16/87) to be a neglected child. The allegations were based upon father's admitted inability to care for Crystal. Additionally, Karen Stern, father's girlfriend, with whom father was residing, would no longer permit Crystal to stay at her residence. Stern presented Crystal to father's sister, Shirley Oldfield, and left the child with her. Because Oldfield did not have the ability to care for Crystal, she contacted SCDHS. After an emergency shelter care hearing on May 3, 1999, SCDHS was awarded temporary custody of Crystal. A case plan relative to Crystal was filed on May 28, 1999. The case plan required father to attend and complete Goodwill Parenting classes and follow all recommendations; complete a psychological evaluation and follow all recommendations; and secure and maintain independent housing which is appropriate and suitable for father and child. At a hearing on July 9, 1999, father stipulated Crystal was a dependent child. On July 23, 1999, SCDHS filed a Motion for Permanent Custody relative to Mary Jane. SCDHS filed a Motion for Permanent Custody relative to Crystal on August 2, 1999. The trial court scheduled a hearing on both motions on October 5, 1999, and October 19, 1999. The trial court filed its Findings of Fact and Conclusions of Law regarding both children on October 26, 1999. The trial court concluded it was in the best interest of the children to terminate father's parental rights, privileges, and responsibilities, and to grant permanent custody of the children to SCDHS. It is from the October 26, 1999 Findings of Fact and Conclusions of Law father appeals, raising as his sole assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING PERMANENT CUSTODY TO THE DEPARTMENT OF HUMAN SERVICES WHEN THERE WAS NO CLEAR AND CONVINCING EVIDENCE TO SUPPORT SUCH A FINDING.
Any other facts relevant to our disposition of father's sole assignment shall be contained therein. I Herein, father maintains the trial court erred in awarding permanent custody of Mary Jane and Crystal to SCDHS as such a finding was not supported by clear and convincing evidence. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279
. The relevant statute is R.C. 2151.41.4, which provides, in pertinent part:
 (B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
 * * *
In determining the best interest of a child, R.C. 2151.41.4(D) states:
 (D) . . . the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 * * *
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
Sherri Bash, the family service worker assigned to the case, testified father was asked if he could take placement of Mary Jane after she was removed from Newcomer's residence. Father informed SCDHS he could not take placement because he was unable to care for Mary Jane financially, and Stern, his girlfriend, would not permit Mary Jane to stay in her home. Bash stated, although services were made available to father, he did not utilize them. With respect to Crystal, father informed Bash he could no longer provide for her financially and Stern no longer wanted that child in her home. Bash noted father was unwilling to find suitable housing and his current living situation would not accept the children. Bash further testified father had not completed any portion of his case plan. In fact, at the hearing, father articulated he had no intentions working on the case plan. During her cross-examination, Bash reiterated she had informed father of available services for finances and housing in August, 1998. She also noted father was advised of the available services throughout the course of the proceedings. Based upon a review of the entire record and the facts noted, supra, we find the trial court's finding it was in the best interests of Mary Jane and Crystal to grant permanent custody to SCDHS was not against the manifest weight of the evidence. However, a best interest determination is not sufficient to grant permanent custody of a child to an agency and divest parents of their parental rights. In the instant case, the trial court further found, pursuant to R.C. 2151.41.4(B)(1), Mary Jane and Crystal were not abandoned or orphaned and could not be placed with their parents within a reasonable time or should not be placed with their parents. In reaching this determination, the trial court relied upon R.C. 2151.41.4(E)(1), (4) and (9). Those provisions provide as follows:
 (E) In determining at a hearing held pursuant to division (A) of this section . . . whether a child cannot be placed with either of his parents within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines . . . that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 * * * * (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child.
 * * * * (9) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
Father's argument focuses on SCDHS's alleged failure to engage in "reasonable case planning and diligent efforts" to assist father. Specifically, appellant references the three week period from the day on which SCDHS was granted temporary custody of Crystal to the day of the filing of a motion for permanent custody. Assuming, arguendo, the trial court erred in determining reasonable case planning and diligent efforts were made to reunite father with Crystal, we note pursuant to R.C. 2151.41.4(E), the trial court shall enter a finding the child cannot be placed with either parent within a reasonable time or should not be placed with either parent if "one or more of the following exists". Although the trial court referred to subsection (1), which deals with "reasonable case planning and diligent efforts", the trial court also cited (4) and (9) in support of its decision, and either of these findings would be sufficient to support the trial court's decision. As the trier of fact, the trial court was free to accept or reject any or all of the testimony of the witnesses. We find the testimony of Sherri Bash, if believed by the trial court, demonstrated father's unwillingness to provide an adequate permanent home for Mary Jane and Crystal. Bash's testimony further revealed father's unwillingness to provide shelter and other basic necessities for the children. Father clearly indicated he had no intentions of working on his case plan. As late as October 5, 1999, father refused to leave his girlfriend's residence and find appropriate housing for himself and his daughters. As such, we find the trial court's decision to grant to permanent custody of Mary Jane and Crystal to SCDHS was not against the manifest weight of the evidence. Father's sole assignment of error is overruled.
The judgment entry of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
WISE, J. and READER, V.J. CONCUR.